FRUGÉ, Judge.
The plaintiff and the defendant are adjacent property owners whose lands are located in a rural area of Acadia Parish. The defendant, whose property is separated from the public road by the property of the plaintiff, has a servitude of passage 30 feet wide extending through the plaintiff’s land to the public road. The defendant acquired the servitude in 1957 by virtue of a reservation contained in a sale of a 10-acre plot comprising the defendant’s entire road frontage. The sale was made by the defendant, Wayne Gray, to the plaintiff herein, Dr. Casanova.
In 1962, Dr. Casanova purchased from, third persons not involved in this suit some additional acreage along the road and adjacent to the 10-acre parcel. Thus, at the time of trial plaintiff owned a strip of land of moderate width running along the public road for a considerable distance. This strip of land separates the defendant’s property from the public road, but at the point where the defendant’s land is nearest the road (250 feet) the defendant’s 30-foot servitude runs through the plaintiff’s land to the public road.
On the trial of the case it was established : That the properties in question are mixed farmland and woodland; that between 1957 (the date of the reservation of the servitude) and 1962 (the acquisition of the additional road frontage by plaintiff), the defendant made little or no use of the 30-foot servitude but crossed the plaintiff’s property wherever he pleased in order to inspect his own land; that sometime in 1962 the defendant moved a bulldozer onto the plaintiff’s property and cut deep ditches on either side of the 30-foot strip from the public road to the drainage ditch which forms the boundary between his property and the plaintiff’s; that the defendant built a fence along one edge of the servitude between the same points (an old boundary fence ran along the other edge of the servitude) ; that in digging the above mentioned ditches, the defendant destroyed an underground water line which the plaintiff used to convey water from a well located on the newly acquired tract to a stock trough on the 10-acre tract; that the 30-foot corridor now fenced and main *826 'tained by the defendant effectively divides the plaintiff’s property into two portions, and that because of the deep ditches and unbroken fences along its length, the plaintiff’s stock and farm machinery cannot cross from one tract to the other; that the defendant has a 30-foot gap in the plaintiff’s fence which parallels the public road at the point where the servitude meets the road, and that he refuses to close the break in the fence or to allow the plaintiff to place a gate or cattleguard across the opening.
The plaintiff filed suit seeking an injunction against the aforementioned activities and damages for the destruction of the water line. The trial judge, after hearing the evidence and making a physical inspection of the property involved, rendered judgment in favor of the plaintiff and against the defendant in the amount of $150.00, ordered the defendant to cover the ditches, replace the water line, and remove the fences or, in lieu of these actions, to pay the plaintiff the sum of $250.-00. The judgment further provided that the plaintiff, at his option and expense, be allowed to construct cattleguards at the ends of the easement, and that a permanent injunction issue enjoining the defendant from interfering with any of the above mentioned rights of the plaintiff.
From this adverse judgment the defendant has appealed to this court, urging that tho trial court erred in holding that the defendant could not fence his servitude in order to prevent the migration of livestock thereon; in holding that the defendant could not ditch either side of the servitude, and in enjoining the defendant from interfering with the plaintiff’s rights and privileges.
We note at the outset that the defendant, by his reservation in the sale to the plaintiff, has retained a mere right of passage to be exercised within the area ■ designated by the language of the reservation. He does not own the 30-foot strip in question, but merely has the right to use it within the intent of the parties at the-time of its establishment La.Rev.Civil" Code Art. 722 ; 8 La.L.Rev. 553. Thus, neither the owner of the servient estate (plaintiff) nor the owner of the servitude-(defendant) may exercise their respective rights in a manner which will diminish or embarrass the rights and privileges of the-other. See Planiol, Treatise on the Civil* Law, (A Translation by the Louisiana Law-Institute), Vol. 1, No. 2964 et seq.; La. Rev.Civil Code Arts. 777 and 778. In. Clause v. Broussard, 146 So.2d 828 (La.App. 3d Cir. 1962), we had this to say with, regard to the construction and exercise-of a contractual right of passage:
“The law provides that the right of' passage, or right of way, is a servitude, and that 'when it is the result of a contract, its extent and the mode of using it is regulated by the contract.’ LSA-C.C. Art. 722. With reference to the-rules to be applied in interpreting contracts, the Civil Code provides that, ‘When a clause is susceptible to two interpretations, it must be understood in. that in which it may have some effect, , rather than in a sense which would render it nugatory.’ LSA-C.C. Art. 1951. Also, in connection with the interpretation of instruments relating to servitudes, Article 753 of the LSA-Civil Code provides that:
“ ‘Servitudes which tend to affect the-free use of property, in case of doubt as to their extent or the manner of using them, are always interpreted in favor of the owner of the property to be-affected.’ ”
The only two witnesses who testified on: the trial of the present issue were the plaintiff and a civil engineer called on the plaintiff’s behalf and qualified as a drainage expert. The defendant, though he was present, did not testify or offer any evidence. Dr. Casanova testified that the deep ditches and the fences erected by the defendant have made it impossible for him to transfer farm machinery and livestock *827 -from one part of his property to another, -and that because of the ruptured water line, -there is no water available on one portion, •of his property.
Dr. Casanova further stated that he keeps approximately SO head of livestock on his entire tract. In view of this testimony, we cannot appreciate the defendant’s -argument that the fences are necessary to prevent the “burdensome and dangerous” •migration of livestock onto the servitude. "The plaintiff, not the defendant, is the •owner of the 30-foot strip, and absent a •clear demonstration that the presence of farm animals on the plaintiff’s own land -is “burdensome and dangerous” to the defendant in the exercise of his right of passage, we will not overturn the trial judge’s -determination that the fences are unnecessary. The case of Patout v. Lewis, 51 La.Ann. 210, 25 So. 134 (1899), cited by ■the defendant in support of his contention ■that the servitude owner has a right to fence is clearly distinguishable and therefore inapplicable to the case at bar.
With regard to the ditches constructed by the defendant, Mr. Alfred Schoeffler, the civil engineer, testified that in his opinion the property in question is "high enough and has sufficient natural ■drainage to support light travel over the strip without the necessity of any ditches. Mr. Schoeffler stated that the ditches •which were dug by the defendant on either side of the 30-foot strip were, without question, unnecessarily large. As noted above, defendant offered no testimony whatsoever to rebut that proffered by the plaintiff. Consequently, we are of the opinion that the factual conclusions reached by the trial judge are fully supported by the record before us, and feel that, under the factual •situation presented in this case, the plaintiff is entitled to the relief granted him by the lower court. We express no opinion as to the right of the defendant to fence and ditch the length of the servitude under conditions of -travel and drainage different from those here presented, and we therefore limit our holding to the facts contained in this record.
For the foregoing reasons, the judgment of the lower court is hereby affirmed. The defendant shall bear the cost of all proceedings.
Affirmed.